UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JEFFERY BRIAN WILLS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 2:18-CV-020; 2:16-CR-055 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Jeffery Brian Wills has filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Doc. 1].[1] The United States has responded in opposition [doc. 10], and Petitioner has not replied.

The matter is now ripe for resolution. The Court finds the materials submitted, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide this matter without an evidentiary hearing. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court finds that Petitioner's motion is without merit. The motion will be denied and dismissed with prejudice.

---

[1] All docket references are to Case No. 2:18-CV-020 unless otherwise noted.

I.

*Background*

Along with 26 other persons, Petitioner was charged in an 80-count indictment pertaining to methamphetamine distribution and firearm possession by members and associates of the "Chicken Head Mafia." [Case No. 2:16-CR-055, doc. 6]. Petitioner was named in six of those counts.

In January 2017, Petitioner entered into a plea agreement with the government. [*Id.*, docs. 386-387]. He agreed to plead guilty to Count One, a conspiracy to distribute and possess with the intent to distribute 50 grams or more of actual methamphetamine in violation of sections 841(a)(1), 841(b)(1)(A), and 846 of Title 21, United States Code.

Prior to Petitioner's change of plea hearing, the United States filed a notice of intent to seek increased punishment, pursuant to 21 U.S.C. § 851, due to Petitioner's prior felony drug conviction. [Case No. 2:16-CR-055, doc. 245]. The plea agreement (signed by Petitioner) noted the applicable mandatory minimum sentence—240 months—"[b]ecause of the defendant's prior felony drug conviction." [*Id.*, doc. 386, p. 1].

In his plea agreement, Petitioner acknowledged that he conspired to distribute and possess with the intent to distribute "a conservative estimate of" at least 1.5 but less than 4.5 kilograms of actual methamphetamine during a 23-month period commencing in June 2014. [*Id.* p. 2, 7]. Petitioner admitted that he was a member of the Chicken Head Mafia. [*Id.*, p. 4]. He acknowledged that, during a particular two- to three-month period, he sold methamphetamine to an unindicted co-conspirator in quantities progressing from one

2

ounce per week to one to two ounces per day. [*Id.*, p. 6]. The plea agreement also cites multiple controlled buys from Petitioner and sets forth various methamphetamine-related interactions between Petitioner and his co-conspirators. [*Id.*, p. 2-6]. Additionally, the plea agreement contains Petitioner's waiver of most of his appellate rights, along with a waiver of the right to file any motions or pleadings pursuant to § 2255 except as to "(i) prosecutorial misconduct not known to the defendant by the time of the entry of judgment and (ii) ineffective assistance of counsel." [*Id.*, p. 10-11].

On January 24, 2017, the Court conducted a change of plea hearing. Although there is no transcript of that hearing in the record, the Court recalls confirming that Petitioner understood the charge to which he was pleading guilty, including the mandatory minimum 240-month term of imprisonment required by his prior felony drug conviction. The Court also recalls confirming Petitioner's understanding of the waiver of most of his appellate and § 2255 rights.

The probation office subsequently disclosed its Presentence Investigation Report ("PSR"). [Case No. 2:16-CR-055, doc. 498]. Petitioner's base offense level was 36, pursuant to United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 2D1.1(c)(2), based on the quantity of actual methamphetamine (1.5 to 4.5 kilograms) admitted by Petitioner in his plea agreement. [*Id.*, ¶ 31]. After application of a two-level increase for maintaining a premises for the purpose of distributing a controlled substance pursuant to U.S.S.G. § 2D1.1(b)(12), and after a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, Petitioner's total offense level was 35. [*Id.*,

3

¶¶ 32-40]. With a criminal history category of II, Petitioner's advisory guideline range was 188 to 235 months, restricted to 240 months by the enhanced mandatory minimum. [*Id.*, ¶ 63].

The Court held Petitioner's sentencing hearing on April 27, 2017, and imposed a sentence of 240 months' imprisonment. Petitioner did not file a direct appeal of his sentence or conviction. Instead, he submitted this timely *pro se* § 2255 motion to vacate on February 23, 2018.

II.

*Standards of Review*

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549-50 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

4

"[A] pro se petitioner's section 2255 motion is entitled to a generous construction." *Fields v. United States*, 963 F.2d 105, 109 (6th Cir. 1992). Nevertheless, when a movant files such a motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A motion that merely states general conclusions of law without substantiating its allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

Claims other than those of ineffective assistance of counsel are procedurally defaulted if not raised on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado*, 334 F.3d at 528; *see also Bousley*, 523 U.S. at 622-23. The hurdle a petitioner faces to overcome a procedural default is "intentionally high[,]…for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

When a § 2255 movant claims he was denied his Sixth Amendment right to effective assistance of counsel, a court must presume that counsel provided effective assistance, and the movant bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-

5

17 (6th Cir. 2003). To meet that burden, a petitioner must prove that specific acts or omissions by his attorney were deficient and that the attorney failed to provide "reasonably effective assistance," which is measured by "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[T]he constitutional right at issue here is ultimately the right to a fair trial, not to perfect representation." *Smith v. Mitchell,* 348 F.3d 177, 206 (6th Cir. 2003) (citing *Strickland*). A court's "role on habeas review is not to nitpick gratuitously counsel's performance." *Smith*, 348 F.3d at 206.

Next, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, and "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citation and internal quotation marks omitted). The prejudice test is modified in the context of a guilty plea— a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Furthermore, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

6

A petitioner alleging ineffective assistance of counsel bears "a heavy burden of proof." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citation omitted). "Surmounting *Strickland*'s high bar is never an easy task . . . and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), and *United States v. Timmreck*, 441 U.S. 780, 784 (1979)).

III.

*Discussion*

The instant § 2255 motion raises four claims. Three allege ineffective assistance of counsel, and the fourth appears to be a hybrid claim which both challenges Petitioner's sentence and accuses his attorney of being ineffective. The Court will address these claims in turn.

A. Claim One

Petitioner first alleges that his attorney "failed to inform the Court drugs were planted on me by the lead investigator . . . after I told him these facts he did nothing about it." [Doc. 1, p. 5]. Petitioner further alleges that the officer was "recent[ly] arrest[ed]," which "shows proof of this." [*Id.*].

The Court first observes that this claim is factually unsupported. Petitioner does not state when or where this purported event happened, even though he would surely be aware of those specifics had the event indeed occurred. Petitioner's unsubstantiated first claim is thus without legal merit. *Loum*, 262 F.2d at 867.

7

In any event, Claim One fails at *Strickland*'s second prong. Petitioner has not demonstrated how the result of this proceeding would have been different if counsel had raised the issue of the purportedly rogue officer, nor has Petitioner alleged that he would have chosen not to plead guilty and instead proceeded to trial. Allegations of officer malfeasance aside, Petitioner admitted in his plea agreement (and confirmed under oath at his change of plea hearing) that he was a member of the Chicken Head Mafia and that he sold significant quantities of methamphetamine per week. He admitted (and confirmed under oath) that he conspired to distribute and possess with the intent to distribute "a conservative estimate" of at least 1.5 to 4.5 kilograms of methamphetamine.

As the Supreme Court has explained, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The "conservative" methamphetamine quantity admitted by Petitioner (at least 1.5 kilograms) support both his conviction under 21 U.S.C. § 841(a)(1) (requiring only 50 grams) and his resulting guideline offense level (requiring at least 1.5 kilograms), irrespective of any alleged and unspecified officer misconduct.

Petitioner's Claim One will be denied.

### B. Claim Two

By his second claim, Petitioner argues that his attorney was ineffective in that "Petitioner requested from his attorney he would like to withdrew [sic] his plea after

8

sentencing and I never heard from my attorney again." [Doc. 1, p. 6]. As part of his second claim, Petitioner also complains that "[p]lea attorney also failed to send me plea transcripts and discovery to perfect my grounds when requested." [*Id.*].

Petitioner's first allegation, if true, would not amount to deficient performance by the attorney. A criminal defendant cannot withdraw his plea after he has been sentenced. *See* Fed. R. Crim. P. 11(d)-(e). "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e). Petitioner's attorney cannot be deemed ineffective for not filing a frivolous motion, nor has Petitioner shown that he was prejudiced by the non-filing of a motion that would surely have been denied.

Next, "with respect to criminal defendants seeking copies of their attorney's records after a conviction, 'no statute guides this analysis,' but such requests have been construed 'as requests for discovery.'" *United States v. Farrad*, No. 3:14-CR-110-TAV-DCP-1, 2018 WL 4939277, at *1 (E.D. Tenn. Aug. 29, 2018) (quoting *United States v. Turner*, No. 3:08-cr-141, 2016 WL 5887760, at *3 (S.D. Miss. Oct. 7, 2016)). Discovery in a § 2255 case may be authorized upon a showing of good cause. *See* Rule 6(a), Rules Governing Section 2255 Proceedings. Also, the "party requesting discovery must provide reasons for the request." *See* Rule 6(b), Rules Governing Section 2255 Proceedings. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate" that he is. . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394

9

U.S. 286, 300 (1969)).[2] Rule 6, however, does not permit "a fishing expedition masquerading as discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (§ 2254 petition).

Here, Petitioner identifies no specific facts allegedly contained in his plea transcript or in the unspecified additional "discovery" that would have helped him fully develop any claim for relief. Petitioner's passing reference to "[a]mended and or supplemental grounds [that] will be filed after reply" [doc 1, p. 10] is plainly in the nature of a fishing expedition. The discovery process is not to be used for that purpose.

For all these reasons, Claim Two will be denied.

## C. Claim Three

Petitioner next contends that counsel was ineffective "when he failed to object to Presentence Report." [*Id.*, p. 7]. In support of this claim, Petitioner lists three purported errors in the PSR and claims that counsel "failed to request any reduction." [*Id.*, p. 8-9].

First, Petitioner states that he was "not given acceptance of responsibility." He is flatly incorrect. At paragraphs 38 through 40, the PSR reduced Petitioner's offense level by three for full acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The three-level § 3E1.1 reduction dropped Petitioner's *advisory* guideline range to 188 to 235 months. Without acceptance of responsibility, the advisory guideline range would have been 262 to 327 months. Because Petitioner *did* receive a full reduction for acceptance of

---

[2] Although *Bracy* involved a § 2254 proceeding, "[p]recedents under § 2255 and under § 2254 may generally be used interchangeably." *United States v. Asakevich*, 810 F.3d 418, 423 (6th Cir. 2016) (quoting 3 Charles Alan Wright *et al.*, Federal Practice and Procedure § 623 (4th ed. 2015)).

responsibility—thereby reducing the bottom of his advisory guideline range by seven years—objecting on that point would have been both futile and frivolous. An attorney will not be deemed constitutionally ineffective for omitting a meritless objection. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000).[3]

Next, Petitioner contends that counsel was ineffective for not objecting to the PSR's base and total offense levels. Specifically, Petitioner argues that he should have received a "decrease from Amendment 782," and that his attorney was ineffective for not objecting on that ground.

Guideline Amendment 782 became effective on November 1, 2014, revising the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G app. C, amend. 782 (2014). This Court sentenced Petitioner in April 2017, *well after* Amendment 782 went into effect. The PSR in this case applied the 2016 version of the sentencing guidelines. [Case No. 2:16-CR-055, doc. 498, ¶ 30]. Thus, Amendment 782's reduced offense levels have already been applied in this case. Objecting on this ground would have been legally frivolous, and counsel was not ineffective for deciding not to do so. *Harris*, 204 F.3d at 683 (6th Cir. 2000).

---

[3] Of course, with or without an acceptance of responsibility reduction, Petitioner remained subject to a mandatory minimum sentence of 240 months which, in this case, became his restricted guideline range. *See* U.S.S.G. § 5G1.1(b). Even so, in this particular case, the reduction for acceptance of responsibility dropped Petitioner's guideline range *from* 262 to 327 months *to* 240 months, a not-inconsequential reduction of 22 months.

11

Lastly, Petitioner claims that counsel was ineffective for failing to present a second objection to the base offense level because "my level should be at (24) . . . where there was no 50-grams or more of actual methamphetamine. [Doc. 1, p. 8]. Petitioner offers no explanation for this contention. He signed a plea agreement and affirmed under oath that he conspired to distribute and possess with the intent to distribute "a conservative estimate" of at least 1.5 to 4.5 kilograms of actual methamphetamine. The base offense level of his PSR (36) corresponds to that admitted quantity. *See* U.S.S.G. §2D1.1(c)(2). Objection by counsel on this issue would have, again, been both futile and frivolous. *Harris*, 204 F.3d at 683.

For all these reasons, Claim Three will be denied.

### D. Claim Four

By his final claim, Petitioner contends that his "sentence was enhanced from a Tenneessee conviction from a simple possession of small amount of drugs denied due-process by ineffective plea attorney." [Doc. 1, p. 9] (grammar and spelling as in original). As noted earlier in this opinion, it is unclear whether Petitioner's intent is to raise a challenge to his sentence or to allege another ground of ineffective assistance.

At page 11 of his plea agreement, Petitioner waived his right to file a § 2255 motion, except as to claims of (1) prosecutorial misconduct not known to him by the entry of judgment and (2) ineffective assistance of counsel. It is well recognized that a party may waive a provision intended for his benefit in a contract or statute. *Shutte v. Thompson*, 82 U.S. 151, 151-52 (1872). Even fundamental constitutional rights may be waived, and the

waiver is enforceable if it is made knowingly and voluntarily. "[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Therefore, if Petitioner understood the terms of the plea agreement and made the waiver of his rights to file a § 2255 motion voluntarily and knowingly, the waiver is valid and enforceable.

The Court finds that Petitioner knowingly and voluntarily entered into the waiver provision in his plea agreement. At the change of plea hearing, the Court confirmed that Petitioner understood his plea agreement's waiver of most appellate and § 2255 rights. Thus, Claim Four (to the extent that Petitioner is attempting to collaterally attack his sentence) is barred by the waiver provision.

Even if this claim had not been waived, it has been procedurally defaulted. This is so because, notwithstanding the fact that the plea agreement contained a waiver of Petitioner's right to file a direct appeal of this issue, he still could have presented the claim on direct appeal but he did not. *See Bookwalter v. United States*, No. 2:14-CR-82, 2018 WL 2407525, at *3, 5 (E.D. Tenn. May 25, 2018) (finding that argument not raised on direct appeal was procedurally defaulted, even though the petitioner had waived his right to file an appeal in the plea agreement). No good cause, prejudice, or actual innocence has been alleged or shown to excuse this default.

Further, such a claim would be without merit. While Petitioner claims his sentence was enhanced because of a "simple possession" conviction, the § 851 notice in this case in fact relies on a 2012 Tennessee conviction for the crime of Delivery of Schedule II. [Case

13

No. 2:16-CR-055, doc. 245]. At paragraph 45, the PSR affirms that Petitioner received a three-year sentence in January 2012 for the crime of "Delivery Schedule II." The uncontroverted record thus shows that Petitioner's mandatory minimum sentence was enhanced consistent with the terms of his statute of conviction. *See* 21 U.S.C. § 841(b)(1)(A) (2017) (providing for a 20-year minimum sentence because he violated that statute "after a prior conviction for a felony drug offense has become final").

In sum, Petitioner knowingly and voluntarily waived his right to file the challenge to his sentence presented in Claim Four. Were that not the case, the claim has been procedurally defaulted. Were that not the case, the claim is without merit.

In the alternative, no ineffective assistance of counsel has been shown on this issue. The § 851 notice filed in this case was statutorily proper. There was nothing for counsel to challenge.

Count Four will be denied.

IV.

*Conclusion*

For the reasons discussed in this Memorandum Opinion, Petitioner's § 2255 motion to vacate [Doc. 1] will be **DENIED** and **DISMISSED**.

V.

*Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined each of Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

15